NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3686
_____

UNITED STATES OF AMERICA

v.

ANTHONY WHITE, JR.,
                    Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:11-CR-206-002)
District Judge:  Hon. Alan N. Bloch
_____

Argued on June 10, 2013

BEFORE:  McKEE, *Chief Judge*, and AMBRO and NYGAARD, *Circuit Judges*.

(Opinion Filed: July 26, 2013)

Donovan J. Cocas, Esq. (**ARGUED**)
Rebecca R. Haywood, Esq.
Office of United States Attorney
700 Grant Street, Suite 4000
Pittsburgh, PA 15219-0000
        *Attorneys for Appellee*

Renee Pietropaolo, Esq. (**ARGUED**)
Office of Federal Public Defender
1001 Liberty Avenue
1500 Liberty Center
Pittsburgh, PA 15222
        *Attorney for Appellant*

_____

OPINION
_____

McKEE, *Chief Judge*.

Anthony White, Jr. appeals the District Court's denial of his motion to suppress a handgun found on his person. Though we differ in our reasoning, we will affirm the District Court's judgment.[1]

**I.**

The District Court concluded that White was "seized" for Fourth Amendment purposes upon the officers' initial approach, but that the officers had reasonable suspicion to stop White based on Davis's conduct. To its credit, and in the best tradition of government service,[2] the government now concedes there was no reasonable suspicion to stop White simply because he was walking next to Davis, whom officers reasonably suspected was violating the law.[3] Thus, the remaining issue is whether White was

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 18 U.S.C. § 1291 and 28 U.S.C. § 3742(a). We review a district court's denial of a motion to suppress for clear error as to the underlying facts, but exercise plenary review as to legal determinations in light of the court's properly found facts. *United States v. Lafferty*, 503 F.3d 293, 298 (3d Cir. 2007). In reviewing the denial of a motion to suppress, we construe the record in the light most favorable to the government. *United States v. Harrison*, 689 F.3d 301, 306 (3d Cir. 2012).

[2] *See Berger v. United States*, 295 U.S. 78, 88 (1935) ("The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done.").

[3] "The reasonable suspicion required under *Terry* is specific to the person who is detained. The circumstances 'must raise a suspicion that the particular individual being stopped is engaged in wrongdoing.'" *United States v. Navedo*, 694 F.3d 463, 468 (3d

2

"seized" for Fourth Amendment purposes when the officers initially approached the three men. If that encounter did not amount to a seizure, then the gun need not be suppressed even though the officers had no reason to suspect that White was engaging in unlawful conduct when they initially approached the three men.

In *Terry v. Ohio*, the Supreme Court explained that a seizure occurs "when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen." 392 U.S. 1, 19 n.16 (1968). "Although a brief investigatory stop is considered a 'seizure,' not every encounter between the police and a citizen constitutes a seizure within the meaning of the Fourth Amendment." *United States v. Williams*, 413 F.3d 347, 352 (3d Cir. 2005). Where, as here, "the actions of the police do not show an unambiguous intent to restrain or when an individual's submission to a show of governmental authority takes the form of passive acquiescence," we apply an objective test: "a seizure occurs if 'in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.'" *Brendlin v. California*, 551 U.S. 249, 255 (2007) (quoting *United States v. Mendenhall*, 446 U.S. 544, 554 (1980)).

Here, after hearing testimony from Detectives Love and Gault, and defendants White and Davis, the District Court credited the officers' testimonies and found the defendants' testimonies not credible. Although the District Court's findings of fact were not clearly erroneous, the District Court erred in concluding as a matter of law that White

Cir. 2012) (quoting *United States v. Cortez*, 449 U.S. 411, 418 (1981)).

3

was seized when the officers initially approached the three men.  Police "do not violate the Fourth Amendment by merely approaching an individual on the street . . . [and] asking him to answer some questions."  *Florida v. Royer*, 460 U.S. 491, 497 (1983); *see also Florida v. Bostick*, 501 U.S. 429, 434 (1991); *United States v. Crandell*, 554 F.3d 79, 85 (3d Cir. 2009); *Williams*, 413 F.3d at 354.  "Nor would the fact that the officer identifies himself as a police officer, without more, convert the encounter into a seizure requiring some level of objective justification."  *Royer*, 460 U.S. at 497 (citing *Mendenhall*, 446 U.S. at 555).[4]  Accordingly, without more, the circumstances here do not constitute a seizure.[5]

## II.

Viewing the facts in the light most favorable to the government, it is clear under the Supreme Court's precedent that the earliest White could have been seized was when

---

[4]  The government also argues that, pursuant to *Brower v. County of Inyo*, 489 U.S. 593 (1989), White was not seized because officers intended to stop only Davis, and had no intention of stopping White, when they initially approached the three men.  This argument is meritless.  As explained in *Brower* itself, "[a] seizure occurs *even when an unintended person* or thing is the object of the detention or taking, but the detention or taking itself must be willful."  *Brower*, 489 U.S. at 596 (emphasis added) (citation omitted).  Further, the Supreme Court has since made clear that an intent to detain the defendant is not always necessary for there to be a seizure.  *See Brendlin*, 551 U.S. at 259-60 (rejecting conclusion that passengers in a car were "not seized by the stop because [the police] only intended to investigate [the driver] and did not direct a show of authority toward [the passenger]"); *Mendenhall*, 446 U.S. at 554 n.6 ("[T]he subjective intention . . . to detain the respondent . . . is irrelevant except insofar as that may have been conveyed to the respondent."); *Michigan v. Chesternut*, 486 U.S. 567, 575, n.7 (1988) (same).

[5]  As this Court has previously expressed, "[a]lthough we have our doubts whether a reasonable person who is greeted by [law enforcement] agents . . . feels free to simply ignore the agents, we are not free to substitute our judgment on this question for the Supreme Court's."  *United States v. Thame*, 846 F.2d 200, 202 (3d Cir. 1988).

Detective Love ordered him to remove his hands from his pocket. By then, however, for the reasons stated by the District Court, Detective Love had reasonable suspicion to believe White was armed. Detective Love therefore acted within the limits of *Terry* in seizing the disputed gun from White.

### III.

For the reasons we have explained, we will affirm the judgment of the District Court.